Riggs v. Commonwealth.

CASE 85—INDICTMENT—MAY 17.

## Riggs v. Commonwealth.

APPEAL FROM MASON CIRCUIT COURT.

1. HOMICIDE—EVIDENCE.—Upon the trial of one charged with murder, it is competent for either the commonwealth or the defendant, by way of explaining the motions and conduct of the parties at the time of the killing, to show that the deceased had circulated the report that defendant was guilty of incest; but when defendant had put this in evidence, it was not competent for the prosecution to prove the truth of the charge, as he ought not to be put on trial for two crimes at the same time.

THOS. R. PHISTER FOR APPELLANT.

1. It is error in a criminal case to allow testimony as to other offences of defendant not in issue under the indictment. Cornelius v. Com., 15 B. M., 545; Kennedy v. Com., 14 Bush, 358-360; Crittenden v. Com., 82 Ky., 168; Rice on Evidence, vol. 3, page 66; Wharton on Criminal Evidence, 9th edition; Am. & Eng. Ency. of Law, vol. 29, page 677; Martin v. Com., 93 Ky., 192, 193; Stokes v. People, 53 N. Y., 164; Am. Decisions, vol. 13, page 500; People v. Sharp, 107 N. Y., 427; Am. State Reports, vol. 1, page 851; White v. Com., 80 Ky., 485; Cargill v. Com., 12 Ky. Law Rep., 149; Saylor v. Com., 97 Ky., 190; Radford v. Com., 9 Ky. Law Rep., 380.

2. If a witness be questioned as to a collateral matter his answer

Riggs v. Commonwealth.

can not be contradicted by the party asking the question, but the answer is conclusive. Lewis v. Com., 19 Ky. Law .Rep., 1141; Rice on Evidence, vol. 3, page 341; Radford v. Com., 9 Ky. Law Rep., 380; Massie v. Com., 16 Ky. Law Rep., 792.

3. The evidence of Taylor and Adair was pure hearsay, and not competent for any purpose. Bradshaw v. Com., 10 Bush, 577; 1 Greenleaf, 99; Wharton Criminal Evidence, 225; Coppage v. Com., 3 Bush, 533; Randolph v. Com., XI Ky. Law Rep., 246.

4. Improper statements of counsel in argument is ground for reversal. Bishop on Criminal Procedure, 311; Parson v. State, 18 Texas App., 524, 563—Wharton Criminal Plead. & Prac., 570; Cook v. Com., 86 Ky., 666; McClure v. Com., 81 Ky., 450; People v. Ah Len, 92 Cal., 282 and 27 Am. State Rep., 104.

FRANK P. O'DONNELL FOR APPELLEE.

1. Evidence of the commission of another crime is permissible:   (1) When evidence of the first crime establishes a motive for the second; (2) When the character of the deceased has been attacked upon the ground of the falsity of his statement as to the former offense; and (3) To contradict the defendant who had denied the commission of the first crime which was connected with the second as a motive to it.   Civil Code, sec. 597; McDonald v. Com., 86 Ky., 13; Com. v. Keenan, 97 Mass., 589; Connors v. People, 50 N. Y., 240; Wharton on Criminal Evidence, page 435 and sec.. 485; 3 Am. & Eng. Enc., p. 111); O'Brien v. Com., 89 Ky., 362; Jackson v. Com., 100 Ky., 239; State v. Palmer, 65 N. H., 216; State v. Cline, 54 Iowa, 183; Com. v. Franklin, 92 Ky., 616; Martin v. Com., 93 Ky., 193; State v. Matthews, (Mo.), 10 S. W., 144.

2 While the affidavits of jurors can not be received to impeach the verdict (sec. 272 Crim. Code), yet they may be admitted in inculpation of the jurors, and in support of their verdict.   Graham & Waterman on New Trials, vol. 3, page 1450; Thompson & Merriam on Juries, secs. 446 and 351 and cases cited.   ·

W. S. TAYLOR, A. E. COLE & SON, AND EDWARD DAUM OF COUNSEL ON SAME SIDE.

Riggs v. Commonwealth.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellant was convicted of the murder of William R. Boyd, and pursuant to the verdict of a jury was adjudged by the court to be hanged.

His chief complaint here is that the court permitted incompetent and highly prejudicial evidence to go to the jury. As we are convinced that this is true and as another trial must result, we refrain from giving any extended history of the case or from comment on the testimony.

There were no eye witnesses to the killing, and the plea of appellant is that he was compelled to kill Boyd and his son, who was the son-in-law of appellant, in order to protect himself from death or great bodily harm.

The proof conduces to show that upon the elopement and marriage of appellant's daughter, Cora, with the son of Wm. R. Boyd, appellant became greatly offended at both father and son; he forbid them in writing from coming on his premises and, besides using threatening language toward them, sought to take steps to prosecute the son for obtaining the marriage license by false swearing. Hearing which the Boyds also indulged in threatening talk, and appear to have circulated a report that appellant had committed the crime of incest by having intercourse with his own daughter. On the trial the Commonwealth confined its proof in chief to showing in a general way the appallant's hostility toward the Boyds, and his proximity to the place of killing, which was on the appellant's farm or one under his control, at about the time the killing occurred. This was supplemented with cerain statements

made by appellant after the occurrence showing he had shot both father and son.

The appellant then testified to a state of fact conducing to show that while out on his premises at work he casually met the Boyds, who were about to pass across his farm contrary to his warning not to do so, and, when he told them they were not to come across, they rushed on him and, in defense of his person, he shot them. He further testified that certain of his neighbors, a few weeks after the marriage of his daughter, communicated to him the fact that the elder Boyd was circulating the report that he was making wives out of his daughters. On cross examination the State asked him the direct question whether this report was true and he denied it, saying he was not that barbarous. The State also asked him if he had not made indecent proposals to his daughter Cora, and objection to this question was sustained.

The Commonwealth was then permitted in rebuttal to introduce the daughter, Cora, who testified that at a certain time, some three years before, the father made such proposals—giving details and reciting minutely her conduct and her disclosure of the matter to her mother.

This testimony was objected to, and we shall consider its competency presently in connection with other proof introduced by the State for the purpose of proving the truth of the charge of incest made by the Boyds.

The appellant's witness, Taylor, was introduced to show the bad character of Boyd, and on cross examination the State was permitted to prove over the objection of appellant that he had a conversation with Hannah, one of

appellant's daughters, with reference to "appellant trying to make wives out of his daughters."

Later on County Attorney Adair was introduced by appellant to show that the elder Boyd was circulating the charge of incest, and had a conference with him on the subject. On cross examination the witness was permitted to state, over the objection of appellant, that the daughter, Cora, stated to him that her father two or three times had made indecent proposals to her sister Hannah, or had made efforts to injure Hannah, but did not succeed.

These instances, we think, are sufficient to show the radical error committed by the court to the prejudice of appellant. For, however deserving of punishment he may be, he ought not to be put on trial for two crimes at the same time. It was competent for either the Commonwealth or appellant to prove that the Boyds were circulating the report in question—competent for the State because, true or false, it might furnish a motive for the killing. This conduct of the Boyds would naturally generate hatred, malice, the very essence of murder in the breast of appellant; and competent for the appellant because, while not sufficient in this case to reduce the killing from murder to manslaughter, it would show the intense enmity of the Boyds to him, and might indicate what their conduct would naturally be on meeting appellant at the time of the fatal encounter. It might illustrate their readiness to kill him or do him bodily harm when, as appellant testified, he ordered them not to come across his premises. Be that as it may, it was not competent for the State to prove the truth of this heinous charge. This was not an

Riggs v. Commonwealth.

issue at the trial.   Mention of the matter was permissible merely as indicating the state of mind of the hostile parties, and as an existing fact explanatory of their motives and subsequent conduct.   Thus, in Martin v. Commonwealth, 93 Ky., 192, it was said that Martin's motive in the killing of one Burke was properly shown by proving that Burke had caused an indictment for robbery to be procured against Martin.   The production of the indictment with Burke's name thereon as a witness was said to be legitimate evidence.   But it was held to be incompetent to establish the offense of robbery by testimony of facts conducing to show guilt.

The court said: "This character of evidence is likely to be wrongfully considered by a jury and made to constitute a part of the offense for which the party is being tried, as it might well be argued that one so depraved as to commit robbery would not hesitate to commit murder."   So in the Massie case, 16 Ky. Law Rep., 792, it was held competent for the accused to prove the communication to him of certain slanderous aspersions circulated by Honaker, who was thereafter sought out by Massie and killed.   But it was said to be wholly immaterial whether the charges were true or false, and because the Commonwealth had been permitted to introduce proof conducing to show the truth of the charges the judgment of conviction was reversed.

The error was said to be emphasized in that case because the attorney for the State argued to the jury that the charge was in fact true.

It may be said further of the testimony of Taylor and

Adair that even if the truth of the charge of incest was properly involved, the statements of these witnesses were incompetent because the purest hearsay.

Some complaint is made of the language of the prosecuting attorneys, but as the court seems to have corrected their statements whenever they appear to have been overdrawn or unauthorized by the evidence, we need not consider the question further. We perceive no other error of consequence.

For the reason given the judgment is reversed, with directions to award the accused a new trial on principles consistent with this opinion.