CASE 56.—PROSECUTION AGAINST W. M. GOULET FOR A
VIOLATION OF THE ELECTION LAW.—March 9,
1910.

## Commonwealth v. Goulet

Appeal from Kenton Circuit Court (Common Law and Equity Division).

M. L. HARBESON, Judge.

From a directed verdict for defendant the commonwealth appeals.—Opinion certified as the law of the case.

1. Elections—Violation of Election Laws—Offenses by Officers
—Statutes—"Election Officer."—Under Ky. St. Sec. 1442, de-
fining an "officer of election" to mean a judge, clerk, sheriff,
or person acting as sheriff and a member of the board for
canvassing returns, and section 1481, providing for inspectors
at elections, and that the county executive committee of each
party designate a suitable person to be present at, witness,
and inspect the counting of the vote in each precinct, who
shall be admitted to the voting place, to which no other per-
son, except the election officers, shall be admitted, when read
in connection with section 1476, making it a felony for an
election officer to mutilate or place distinguishing marks on
any ballot, an inspector is not an "election officer" within the
meaning of that term used in section 1476.

2. Elections—Violation of Election Laws—Offense by Officer.—
Ky. St. Sec. 1476, making it a felony for any "person intrusted
with the custody of any ballot" to mutilate or place any dis-
tinguishing mark on it, when considered in connection with
section 1591, providing that this chapter be liberally con-
strued so as to prevent the evasion of its prohibitions and
penalties by shift or device, and section 459, that there shall
be no distinction in the construction of statutes between
criminal or civil and penal enactments, but all statutes should
be construed with a view to carrying out the intention of
the Legislature, includes within the terms "person intrusted
with the custody and control of any ballot" the inspector ap-

Commonwealth v. Goulet.

pointed to witness the count of the ballots and see that it is properly made, to do which he must be present in the room with the election officers and inspect the ballots.

3.  Elections—Violation of Election Laws—Persons Liable—"Person Having Custody or Control."—A third person permitted by the officers of election to inspect a ballot, or who by force took a ballot within his control, is a "person having custody or control" of a ballot, within the meaning of Ky. St. Sec. 1476, making it a felony for any person intrusted with the custody or control of a ballot to mutilate or place distinguishing marks thereon.

4.  Elections—Ballots—Mutilation—Statutes.—Stamping    ballots voted for the straight Democratic ticket so that they would be counted for the Republican candidate for circuit judge constituted a violation of Ky. St. Sec. 1476, making it a crime for any person intrusted with the custody of ballots to mutilate or deface or place distinguishing marks on a ballot either for the purpose of identifying or vitiating it.

5.  Elections—Violation of Election Laws—Criminal Prosecution —Indictment and Information.—Where an indictment against an election inspector for violation of Ky. St. Sec. 1476, making it a felony for any person intrusted with the custody of a ballot to mutilate or place distinguishing marks on it, complied with Cr. Code Prac. Sec. 122, requiring that it contain a statement of the acts constituting the offense in ordinary and concise language so as to enable a person of common understanding to know what is intended and with such degree of certainty as to enable the court to pronounce judgment on conviction, the statement therein that defendant was an election officer, being a mere conclusion of law and not necessary, held not to render the indictment faulty.

RICHARD G.  WILLIAMS,  JAMES  BREATHITT,  Attorney General, and TOM B. McGREGOR, Assistant Attorney General,for the Commonwealth.

Opinion of the Court by Judge Hobson.

Section 1476, Ky. St., provides: ''If any officer of election, or other  person  intrusted  with  the custody or control of any ballot or ballots, either before or after they have been voted, shall in any way mark, mutilate or deface any ballot or  place  any

distinguishing mark thereon, either for the purpose of identifying the same (except by numbering protested ballots for future reference) or for the purpose of vitiating the same, he shall be guilty of a felony, and, on conviction, shall be imprisoned in the state penitentiary not more than ten nor less than five years, and fined in any sum not exceeding two thousand dollars.''

W. M. Goulet was indicted under this section. In the accusatory part of the indictment he was charged with the crime ''of unlawfully, willfully, and feloniously marking, mutilating, and defacing an official election ballot for the purpose of vitiating the same.'' In the charging part of the indictment the offense is set out in these words: ''That on the 2d day of November, 1909, there was held under the laws of the state of Kentucky, in the city of Covington, and in Kenton county, Ky., an election of district, county, city, and legislative officers; that officers of election were appointed under and in accordance with the laws of the state of Kentucky to serve in precinct E, of the second ward, in the city of Covington, on the day aforesaid; that the said W. M. Goulet was duly appointed and designated by the Republican county executive committee, as shown by written certificate signed by John J. Craig, the chairman, and W. A. Booth, the secretary, of said committee, to witness and inspect the counting of the ballots in said precinct on said day, under color of the title given him by said appointment; that pursuant to and by virtue of said appointment and certificate aforesaid, the said Goulet was admitted to said voting place, located and being on said day at the corner of Seventh and Craig streets, in said precinct, in said city, and did, as such election officer, proceed to witness the count

and inspect the ballots cast in said precinct at said
election; that while acting as such inspector and
officer for and on behalf of the Republican party, the
said party having a ticket to be voted for, the said
W. M. Goulet did, on the 2d day of November, 1909,
in the county and state aforesaid and before the find-
ing of this indictment, unlawfully and knowingly,
willfully, and feloniously mark, deface, and mutilate
a straight Democratic ballot, to wit, a ballot which
had been voted for all the candidates on the Demo-
cratic ticket, including Frank M. Tracy, Democratic
candidate on said ticket for the office of circuit court
judge, by the placing of a stencil mark in the circle
under the Democratic emblem; and the said W. M.
Goulet did then and there unlawfully, willfully, and
feloniously mark, deface, and mutilate said Demo-
cratic ballot, for the purpose of and did vitiate the
same by placing a cross-mark or X in the square im-
mediately following the name of William McD. Shaw,
the opponent of the said Tracy, on the Republican
ticket, for said office, contrary to the statute,'' etc.

The circuit court overruled a demurrer to the in-
dictment; and the case coming on for trial before
a jury, at the conclusion of the commonwealth's evi-
dence, which clearly showed that the defendant, while
acting as inspector at the count of the ballots, had
mutilated the ballot referred to in the indictment as
charged therein, the court peremptorily instructed
the jury to find for the defendant on the ground that
an inspector is not an election officer and cannot be
punished under the statute quoted. The common-
wealth appeals.

Inspectors are provided for by section 1481, Ky.
St.: ''The county executive committee of each party
having a ticket to be voted at an election may des-

ignate a suitable person to be present at, witness
and inspect the counting of the vote in each  pre-
cinct, who shall be admitted to said voting place; but
no other person except the election officers shall be
admitted to the said polling place before or after the
count begins, except as provided by law.'' Section
1442, Ky. St., provides:  '' 'Officers of election' as
used in this chapter, means a judge, clerk, or sheriff,
or person acting as sheriff at an election, also a mem-
ber of the board for canvassing the returns.''

It will be observed that the term ''officer of elec-
tion'' is defined by section 1442 as meaning a judge,
clerk, sheriff, or person acting as sheriff at an elec-
tion or a member of the board for canvassing the
returns.   It will also be observed that section 1481
provides that no other person except  the  election
officers and the inspectors shall be admitted to the
voting place during the count.   These provisions are
to be read in connection with section 1476, and show
that within the meaning of the statute an inspector
is not an election officer.   It remains  to  inquire
whether he is a person intrusted with the custody
or control of the ballots within the meaning of that
section.   Section 1591, Ky. St., provides: ''This
chapter shall be liberally construed, so as to prevent
any evasion of its prohibitions and penalties by shift
or device.''   Section 459  also  provides:  ''There
shall be no distinction, in the construction of statutes,
between criminal or civil and penal enactments  All
statutes shall be construed with a view to carry out
the intention of the Legislature.''

The purpose of the appointment of an inspector is
that he may witness the count of the ballots and see
that the count is properly made.   To this end he is
allowed to be present in the room with the officers

of the election during the count when no one else is admitted. In order that he may see that the count is properly made, he must see the ballots, because an inspection of the count would be an idle form if the inspector could not see that the ballots were properly counted; and to see that they are properly counted he must see the ballots themselves. He is not to make the count; he has not custody of the ballots. The election officers are to make the count. He is only present to see and witness the count and to see that it is properly made. He cannot control an election officer, but he may know what they do, and he cannot understand intelligently what they do unless he is permitted to see the ballots. As he is admitted to the room where the ballots are opened and examined, and is authorized by the statute to inspect the count, he is a person intrusted with the control of the ballots within the meaning of the statute. The purpose of the statute is that the ballots shall be counted as cast. The inspectors and the election officers are the only persons present when this count is made. While the ballots are in the custody all the time of the election officers, he has access to them to inspect the count, and having access to them, is a person in control of them within the meaning of the statute. The Legislature plainly meant the statute to include all those persons who have access to the ballots, and who, taking advantage of their position, mutilate or deface them for the purpose of vitiating them. The inspector is as clearly within the spirit of the statute as the election officers. To hold that he is not included by the statute would be to give no effect to the word "control"; the fact that the Legislature uses the words "custody or control" is conclusive that it had in mind not only persons who have custody

of the ballots, but also those who for any reason or at any time have control of them. If an inspector, while inspecting a ballot and having it before him, for that purpose should mutilate it, he is clearly a person having control of the ballot within the meaning of the statute. His access to the ballot is by reason of his official position, and the mutilation of the ballot by him is within the mischief provided for by the statute. Section 1585a applies to those who mutilate the ballots after they are counted and prepared for preservation. Section 1476 applies to those mutilating them before they are counted and prepared for preservation. It is applicable to all those who, having for any reason control of such a ballot, willfully mutilate it for the purpose of vitiating it. If the officers of election should for any reason permit a third person to inspect a ballot, or if by force he took a ballot without their consent, and he while so having control of it should deface it with intention to vitiate it, he would be within the statute. The defendant here, while standing at the table where the ballots were spread out, had a stencil concealed in his hand, and surreptitiously stamped ballots voted for the straight Democratic ticket, so they would be counted for the Republican candidate for circuit judge. To say that such acts are not within the statute would not be to construe it liberally with a view to promote its objects. The purpose of the statute is to protect the ballot from mutilation, and it must be liberally construed to prevent any evasion of its prohibitions or penalties. To hold that others in the presence of the election officers may deface the ballots with impunity would be to deny proper effect to the statute, and defeat its manifest purpose.

Commonwealth v. Goulet.

The indictment shows that the defendant was an inspector, and that while acting as such inspector he did the acts complained of. The facts are clearly stated. It is true that after designating him as inspector, the indictment uses the words "as such election officer"; but it does not follow from this that the indictment is bad because an inspector is not an election officer within the meaning of the statute. He is a person admitted by law to the count of the ballots, and, having access to them by reason of his official position, by section 122, Cr. Code Prac., an indictment must contain "a statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended; and with such degree of certainty as to enable the court to pronounce judgment, on conviction, according to the right of the case."

The facts constituting the offense are so stated as to enable a person of ordinary understanding to know what is intended. Conclusion of law need not be stated. When it is stated in the indictment that the defendant was present as inspector and so did the acts complained of, it shows he was a person who had control of the ballot, and it is unnecessary that this should be also stated in the indictment.

It is therefore ordered that the foregoing be certified to the circuit court as the law of the case.