## Romes v. Commonwealth.

(Decided April 27, 1915.)

### Appeal from Pike Circuit Court.

1. Bribery—"Strong Corroborating Circumstances."—Under Section 1594 of the Kentucky Statutes a conviction for bribery cannot be had upon the testimony of a single witness unless sustained by strong corroborating circumstances.

2. Bribery—Sufficiency of Evidence—Lack of Corroboration.—In a prosecution for bribery, evidence of the general reputation of the accused as a bribe-taker and that he had accepted bribes at other previous elections, was not sufficient corroboration of the act of bribery charged and which was testified to by only one witness, with no immediate corroborating circumstances.

3. Bribery—Evidence—Reputation—Other Acts of Bribery.—In a prosecution for bribery, it is not competent for the Commonwealth to show other distinct and disconnected acts of bribery at previous elections, nor is evidence of the reputation of the accused as a bribe-taker competent unless the accused has put his character in issue.

JOHN F. BUTLER and J. J. MOORE for appellant.

JAMES GARNETT, Attorney General; CHAS. H. MORRIS, Assistant Attorney General, and CHAS. HOBSON for appellant.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The appellant was indicted for receiving a bribe to vote at the regular election held in November, 1913, and upon his trial was found guilty and his punishment fixed at a fine of $150 and exclusion from office and suffrage. The indictment was under Section 1586 of the Kentucky

Statutes, providing, in part, that "Any person guilty of receiving a bribe for his vote at an election, or for services or influence in procuring a vote or votes at an election, shall be fined from fifty to five hundred dollars, and be excluded from office and suffrage. 'Bribe' or 'bribery' means any reward, benefit or advantage, present or future, to the party influenced or intended to be influenced, or to another at his instance, or the promise of such reward, benefit or advantage."

The principal ground urged for reversal is that the evidence was not sufficient to justify the submission of the case to the jury, and, therefore, the trial court should have directed the acquittal of the accused.

The evidence for the Commonwealth was, in substance, as follows: Don Ramsey testified that at the regular November election in 1913 in Pike County he gave to the appellant four dollars "for his vote" in consideration of which he agreed to vote "for the whole Republican ticket." He further said that no one except himself and appellant was present when the transaction took place, nor did any person see him give appellant the money. Will Ramsey, another witness for the Commonwealth, after testifying that he had known the appellant for several years, was asked:

"Q. Are you acquainted with the reputation, from what the people who know him generally say about him, as to whether or not he is a man that would accept a bribe for his vote? A. I am. Q. What is that reputation? A. He is regarded as a man that will take money in an election for his vote. I gave him money for his vote myself in 1908, 1909, and 1912."

The appellant, in his own behalf, testified that he had never accepted or agreed to accept money for his vote and was never influenced to vote for money or other like consideration.

The admission of the evidence as to the general reputation of appellant for selling his vote and receiving bribes to vote at other elections, was objected to by counsel for appellant.

It is provided in Section 1594 of the chapter on elections, of which Section 1586 is a part, that "A jury shall never convict any one, under the provisions of this chapter, upon the testimony of a single witness, unless sustained by strong corroborating circumstances." The evidence of Don Ramsey was sufficient to show that the

appellant accepted a bribe for his vote at the election in 1913. - But, under this statute, a conviction could not be had on his testimony alone. So that the question is, was his evidence sustained by strong corroborating circumstances or by any circumstances that would answer the requirement of the statute? Another question is, was evidence of the general reputation of the appellant as a vote seller, and evidence that he had received bribes for his vote at other elections, competent?

It will be observed that the language of the statute declaring the quantity of evidence necessary to secure a conviction in cases like this is simple and direct, and under it, when only one witness testifies to the act of bribery, there must be other evidence, either direct or circumstantial, supporting the evidence of the principal witness. Of course, if two witnesses testify to the act, no corroborating circumstances would be necessary, but when only one witness testifies to the act, then his evidence must be supported by corroborating circumstances.

It is insisted, however, for the Commonwealth that the evidence of Will Ramsey was competent and sufficient corroboration. But if the competency of this evidence should be assumed, it did not corroborate at all the evidence of Don Ramsey. The general reputation of appellant may have been that of a bribe-taker, and he may have accepted bribes for his votes at the elections held in 1908, 1909 and 1912, but his bad reputation, or what he did in these years, did not corroborate the evidence of Don Ramsey as to what he did in 1913, or show, independent of his evidence, that appellant, in 1913, accepted a bribe for his vote. To comply with the statute there must have been some corroboration of the identical transaction testified to by Don Ramsey. Appellant could be convicted only upon evidence that he accepted a bribe for his vote at the time charged in the indictment, and, therefore, the corroboration must go to the offense charged; and evidence of the commission of other like offenses independent of and having no connection with the offense charged, was not corroborative evidence or any evidence that the offense charged was committed.

Nor was evidence of the reputation of appellant as a bribe-taker corroborative of the fact that he was guilty of accepting the bribe for which he was being prosecuted. Bad reputation alone is, of course, not suf-

ficient evidence of guilt to warrant a conviction for a specific offense. When, however, the commission of the offense has been shown by sufficient evidence to sustain a conviction, evidence of bad reputation, when it is allowable at all, is admissible as further circumstantial corroboration of its commission and not as substantive evidence of guilt. Corroborating evidence is evidence that tends to connect the accused with the particular crime under investigation, and it must have such relation to and connection with this crime as to furnish some evidence, direct or circumstantial, of its commission.

But, aside from this, the evidence of other acts of bribery was not competent. The offense charged against appellant consisted of a single act of bribery. It was not a part of any scheme or plan. The charge was confined to a particular transaction, and when the accused is put upon his trial charged with the commission of one distinct offense having no immediate or circumstantial connection with any other offense, or any other person, or any other thing, it is well settled that evidence of the commission of other like offenses is not admissible. For example, if a person was charged in an indictment with the crime of murder committed at a certain time and place, it would not be admissible to show on his trial that at another time and place he had been guilty of the murder of another person, unless it could be shown that both crimes were committed in pursuance of some scheme or plan or conspiracy, and the same rule would apply on the trial of a person charged with arson or robbery or burglary. Raymond v. Com., 123 Ky., 368; Clark v. Com., 111 Ky., 443; Shepherd v. Com., 119 Ky., 931.

Indeed, the rule that evidence of other crimes is not competent, except in a few cases, obtains everywhere. It has received the approval of all courts and all judges, and is so manifestly correct that it needs no argument to sustain it. Every person who is put upon his trial for an offense selected by the Commonwealth has the right to assume that he will be tried for the particular offense charged against him, and that his rights will not be prejudiced by evidence of other independent and disconnected acts of wrong-doing, for each of which he may be compelled to answer in a prosecution instituted for that purpose. There are, however, a few exceptions to this general rule applicable to cases in which it is neces-

sary to establish identity, or guilty knowledge, or intent, or motive for the commission of the crime under trial, or when other offenses are so interwoven with the one being tried that they cannot well be separated from it in the introduction of relevant and competent testimony, or when the independent offense was perpetrated to conceal the crime for which the accused is on trial. Morse v. Com., 129 Ky., 294.

It was not attempted to be shown, and the nature of the transaction did not permit it, that there was any connection between the bribery of appellant in 1908, 1909, 1912, and 1913, or any of these specific offenses, nor was it shown, nor could it have been, that these isolated acts were a part of any plan or scheme. Each was a complete disconnected offense in itself. Neither had nor could have had any connection with the other. The evidence, therefore, that appellant had accepted bribes in any other year than the one charged in the indictment was incompetent.

Neither was it competent to show the general reputation of the appellant as a bribe-taker. His reputation was not put in issue, and it is as well settled as any principle in the criminal law that the prosecution cannot impeach the character of the accused unless to rebut evidence of good character that he has offered. Or, in other words, until he puts his character in issue. Greenleaf on Evidence, Vol. 3, Section 25; Young v. Com., 6 Bush, 312; State v. Hull, 18 R. I., 207, 20 L. R. A., 609; Newman v. Com., 28 Ky. Law Rep., 81.

We do not, of course, mean to say that it is not competent for the Commonwealth, when the accused has offered himself as a witness, to attack his reputation for morality and truthfulness; but the evidence offered for the Commonwealth in this case was not introduced for this purpose. The evidence of his reputation as a bribe-taker was offered in chief by the Commonwealth for the sole purpose of showing his bad character in this respect.

Our attention is called to the fact that the statute provides, in Section 1591, a part of the chapter on elections, that "This chapter shall be liberally construed so as to prevent any evasion of its prohibitions and penalties by shift or device." In this and every case that has come before us involving a violation of the election laws, we have carefully observed this requirement of the

statute by not permitting the accused to escape punishment on account of a mere technicality or minor errors. Com. v. Drewry, 126 Ky., 183; Com. v. Combs, 120 Ky., 368; Com. v. Goulet, 137 Ky., 464. But the most liberal construction of the statute would not warrant us in deliberately holding that the evidence of Don Ramsey was corroborated, in the face of the record showing a total absence of corroboration.

As said in Com. v. Roberts, 145 Ky., 290: "This statute does not mean that a conviction cannot be had on circumstantial evidence, but only that a conviction shall not be had on the evidence of a single witness, unless it be corroborated. To illustrate, if the Commonwealth should introduce a single witness who gave direct and positive evidence to the act of bribery, a conviction could not be had on his evidence alone, unless corroborated, and, of course, a conviction could not be had on the evidence of a single witness who testified to facts and circumstances sufficient in ordinary cases to secure a conviction, unless his evidence was corroborated. But, if the Commonwealth introduce more than one witness, or several witnesses, who each testify to facts and circumstances in the aggregate sufficient to show the guilt of the accused to a properly instructed jury, a conviction may be had, although there may be no direct or positive evidence of bribery. In this class of cases, as, indeed, in all others, the Commonwealth may show the guilt of the accused by circumstantial evidence. In other words, it is not necessary that the principal witness for the Commonwealth should be able to testify positively to the fact that the accused was bribed, as, for instance, that he gave the bribe and it was accepted, and the party bribed agreed in words to vote for the bribe, as this fact may be shown by circumstances; and, if the facts so testified to by the prosecuting witness are corroborated by strong circumstantial evidence, a conviction may be had. If this were not so, and it was essential that the principal witness should give direct or positive evidence of the bribery, there would seldom be a conviction, although the circumstantial evidence made by the prosecution might be sufficient to convince a jury beyond a reasonable doubt that the accused was in fact bribed."

And to this construction we are compelled by the statute to adhere, as the Legislature has made it indispensable to a successful prosecution for bribery that the

testimony of a single witness must be sustained by strong corroborating circumstances. That this legislation makes it extremely difficult to secure the conviction of guilty persons is plain, for bribery is a secret crime, needing only the participation of the bribe-giver and the bribe-taker to complete it, and it seldom occurs that these evil-doers commit the offense in public or in the presence of other persons or under conditions that would furnish corroborative evidence of their guilt. But until the Legislature sees proper to change the existing law, the bribe-giver and the bribe-taker, if they are prudent and discreet, may go unpunished, although, as said in the Roberts case, ''The bribe-taker and the bribe-giver, in high and low places, are the greatest, most persistent and most insidious foes that modern government has to contend with, for the evil effects of their corrupt bargaining impair the strength and weaken the efficiency of every department of government that it touches.''

For the reasons stated, the judgment must be reversed, with directions to grant the defendant a new trial. And if on another trial the evidence is substantially the same as that appearing in this record, the jury should be directed to return a verdict of not guilty.