## Newsom v. Commonwealth.

### Stewart v. Same.

### Ratliff v. Same.

### Horton v. Same.

(Decided May 20, 1915.)

## Appeals from Pike Circuit Court.

1. Bribery—Corroboration.—Under Section 1594 of the Kentucky Statutes, a conviction for taking a bribe cannot be had upon the testimony of a single witness, unless sustained by strong corroborating circumstances.

2. Bribery—Corroboration.—In a prosecution for bribe-taking, evidence of the general reputation of the accused as a bribe-taker

was not sufficient corroboration of the act of bribe-taking charged in the indictment, which was testified to by only one witness.

ROSCOE VANOVER, J. S. CLINE and REYNOLDS & STEELE for appellants.

JAMES GARNETT, Attorney General, and CHAS. H. MORRIS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Reversing.

The appellants, R. L. Newsom, Tom Stewart, Ransom Ratliff, and Jake Horton, were severally indicted under section 1586 of the Kentucky Statutes, for taking a bribe to vote at an election. Each appellant was found guilty, fined $50.00, and excluded from office and suffrage. Each defendant appeals, and for a reversal insists that he was convicted upon the testimony of one witness, who was not corroborated in any way.

The statute provides that any person guilty of receiving a bribe for his vote at an election shall be fined from $50.00 to $500.00, and be excluded from office and suffrage. But section 1594 of the Kentucky Statutes further provides that a jury shall never convict any one, under the provisions of that chapter, of which section 1586 is a part, upon the testimony of a single witness, unless sustained by strong corroborating circumstances.

In each of these cases the appellant was convicted upon the testimony of a single witness to the alleged act of bribe-taking, and without any corroboration, unless the testimony of other witnesses to the effect that the appellants had the reputation of taking bribes in elections, and had taken bribes in various former elections, be treated as strong corroborating circumstances.

The precise question here presented was decided in Romes v. Commonwealth, 164 Ky., 334, which was an appeal from the same circuit, and was, in reality, a companion case to these cases. In the Romes case it was expressly held that in a prosecution for bribe-taking evidence of the general reputation of the accused as a bribe-taker and that he had accepted bribes at former elections, was not a sufficient corroboration of the act of bribe-taking charged in the indictment, which was supported by the testimony of only one witness. The cases before us are no stronger for the Commonwealth than was the Romes case; indeed, the Attorney General concedes that they are weaker.

In view of the full discussion of the scope and application of the statute in the opinion in the Romes case, *supra*, it is only necessary to refer to that opinion as containing the law of these cases.

For the reasons therein stated, the judgment in each of these cases is reversed, with directions to grant each defendant a new trial. If, on another trial, the evidence is substantially the same as it was upon the first trial, the court should direct an acquittal.