## Harris v. Commonwealth.

(Decided November 30, 1928.)

### Appeal from Todd Circuit Court.

1. Criminal Law.—Under Criminal Code of Practice, sec. 281, decisions of trial court upon challenges to panel or for cause or as to manner in which jury is selected are not subject to exception, and cannot be reviewed on appeal.

2. Criminal Law.—Newly discovered evidence, which is not substantive, but would only tend to contradict a witness, is insufficient of itself to authorize reversal of conviction.

3. Criminal Law.—In murder prosecution, there being no denial of fact that defendant did the killing, testimony that defendant and deceased were partners in illegal traffic in intoxicating liquors and that persons had drunk liquor at defendant's house, which liquor was obtained from defendant, was clearly incompetent and its admission prejudicial error.

4. Witnesses.—Permitting commonwealth, over objection and exception of defendant, to ask defendant and some of his witnesses questions on purely collateral matters, and then to contradict each of them, held error.

5. Witnesses.—If commonwealth sees fit to cross-examine defendant and his witnesses as to purely collateral matters, it is bound by such answers as witnesses make, and cannot contradict any of them thereon.

6. Criminal Law.—Where commonwealth was permitted to cross-examine defendant and his witnesses as to collateral matters and then to contradict them, court erred in leaving to jury consideration of such evidence as substantive testimony against defendant, since, in absence of admonition, jury would not differentiate beteen such testimony and substantive evidence which they had heard.

7. Criminal Law.—In prosecution for killing of one who had abducted defendant's daughter, permitting commonwealth's attorney, on cross-examination of daughter, to read to jury letters alleged to have been written by daughter, held error, where letters were not identified, nor was it shown where commonwealth's attorney obtained them, and letters threw no light upon charge against defendant or explanation of circumstances connected with it.

C. A. DENNY for appellant.

E. J. FELTS, J. W. CAMMACK, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER TINSLEY—
Reversing.

Milton Harris was indicted in the Todd circuit court, charged with the willful murder of Addie Slaughter. On his trial he was convicted of voluntary manslaughter, and sentenced to the penitentiary for 21 years. Appellant and deceased had been very intimate friends for more than 6 months prior to the killing, and deceased was frequently at appellant's home. The killing occurred on April 28, 1927. On the night of April 22d, deceased was at appellant's home and left at about 10 or 11 o'clock, shortly after which appellant and his family, except his daughter, Clara Evelyn, a young girl between 12 and 13 years of age, went to bed. Shortly after his departure, deceased returned to the house, abducted the daughter and took her away with him, keeping her until the night of April 26th, when she and deceased were found by the officers in the residence of the deceased in Elkton; he was arrested, and she was returned to her father. She was assaulted frequently by deceased during the time she was with him. After she was returned to her father, she detailed to him what had happened to her during her absence with the deceased. On April 27th, deceased waived an examining trial on a warrant which had been issued for him, growing out of the above circumstances, and, on the morning of April 28th, appellant went to Elkton, and shortly after his arrival, while sitting in an automobile truck on the courthouse square, deceased and his brother-in-law passed and entered a barber shop nearby, from which they emerged about 30 minutes later, and walked in the direction of appellant. Appellant says as they approached him, deceased had his hand in his right breeches pocket where he (appellant) knew deceased always carried a pistol, and that when within 12 or 14 steps, deceased, looking directly at appellant, gave a loud laugh, whereupon he could not restrain himself and shot deceased.

To reverse the judgment pronounced against him, appellant urges: (1) Error of the court in the selection of the jury; (2) the admission of incompetent evidence against him; (3) error of the court in instructing the jury; (4) improper argument of the attorney for the commonwealth; and (5) newly discovered evidence.

1. The complaint as to the selection of the jury is that, after exhausting the regular panel summoned for jury services at the term of court at which appellant was tried, the court ordered the summoning of a special venire of 50 men, and, failing to obtain a jury therefrom, made no further effort to obtain a jury from Todd county, but ordered a special venire of 50 men from Logan county, and that this special venire from Logan county was summoned by a deputy sheriff who was a partisan of the deceased.

By express provision of section 281 of the Criminal Code, decisions of the trial court upon challenges to the panel or for cause, or as to the manner in which the jury is selected, are not subject to exception, and cannot be reviewed upon appeal. Curtis v. Commonwealth, 110 Ky. 845, 62 S. W. 886, 23 Ky. Law Rep. 267; Powers v. Commonwealth, 114 Ky. 237, 70 S. W. 644, 1050, 71 S. W. 494, 24 Ky. Law Rep. 1007; Winstead v. Commonwealth, 195 Ky. 484, 243 S. W. 40.

However, we feel that it is only fair to say that the record discloses no abuse by the trial court of the discretion conferred upon it in this respect by section 194 of the Criminal Code.

2. The grounds of improper argument of the commonwealth's attorney and newly discovered evidence are equally unavailing. The improper argument complained of does not appear in the record at all, and no exception appears to have been taken to it. In fact, counsel for appellant in his brief concedes that this ground is without real merit. The newly discovered evidence, as set out in appellant's and accompanying affidavits, is not substantive, but would only tend to contradict the witness Bartlett; and we have repeatedly held that this character of newly discovered evidence is insufficient, of itself, to authorize a reversal. Sizemore v. Commonwealth, 189 Ky. 46, 224 S. W. 637.

3. The complaint of the admission of incompetent evidence and of the failure of the court to properly instruct the jury seems to us well founded. While there is no complaint of the instructions which were given, the complaint is that the court did not at the time admonish the jury as to the purpose and effect of certain impeaching testimony, nor take care of his omission in this regard by an instruction.

In this case the appellant was charged with and tried for willful murder. There was no denial of the fact that appellant did the killing. His defense was not guilty upon the grounds of self-defense and insanity.

However, upon the cross-examination of appellant, counsel for the commonwealth was permitted, over appellant's objection and exception, to ask him if he and the deceased were not partners in the illegal traffic in intoxicating liquor; if deceased had not been drunk at appellant's house on liquor obtained there from appellant; if in their illicit liquor partnership business they did not have an arrangement between themselves whereby deceased, being a resident of the town of Elkton and appellant residing upon his farm where they had their still, that deceased was to ascertain when a raid was contemplated and to let appellant know so that he could hide the still. On the direct examination of Grace Berry, a witness for the commonwealth, and whose reputation for virtue and morality was impeached, the attorney for the commonwealth was permitted, over the objection and exception of appellant, to show by her that deceased had taken her to appellant's house and that appellant had introduced her to his family as deceased's wife, and that she and deceased had drunk whisky at appellant's barn, and that said whisky was furnished by appellant; and to show by the wife of the deceased, over appellant's objection and exception, that appellant came to their home occasionally and always brought liquor with him, and which he and deceased drank; and to show by Lawrence Settle that on one occasion he and deceased went to appellant's house, and, on going out into a field where appellant was, kicked a pint of liquor out of a grass sack, and it looked like there were other bottles of liquor in the sack.

This character of testimony was clearly incompetent, and must be considered as highly prejudicial. Appellant was being tried on one charge—that of murder. It was not proper to admit testimony as to other crimes or violations of law wholly disconnected from the crime charged in the indictment.

In the case of Romes v. Commonwealth, 164 Ky. 334, 175 S. W. 669, where the appellant was charged with accepting a bribe to vote in the November election, 1913, the trial court permitted the commonwealth to prove that he had accepted bribes in other elections. In reversing

the judgment against him because of admission of that evidence, we said:

> "The rule that evidence of other crimes is not competent, except in a few cases, obtains everywhere. It has received the approval of all courts and all judges, and is so manifestly correct that it needs no argument to sustain it. Every person who is put upon his trial for an offense selected by the Commonwealth has the right to assume that he will be tried for the particular offense charged against him, and that his rights will not be prejudiced by evidence of other independent and disconnected acts of wrongdoing, for each of which he may be compelled to answer in a prosecution instituted for that purpose. There are, however, a few exceptions to this general rule applicable to cases in which it is necessary to establish identity, or guilty knowledge, or intent, or motive for the commission of the crime under trial, or when other offenses are so interwoven with the one being tried that they cannot well be separated from it in the introduction of relevant and competent testimony, or when the independent offense was perpetrated to conceal the crime for which the accused is on trial."

To the same effect are the cases of Morse v. Commonwealth, 129 Ky. 294, 111 S. W. 714, 33 Ky. Law Rep. 831, 894; Maiden v. Commonwealth, 225 Ky. 671, 9 S. W. (2d) 1018; Wooton v. Commonwealth, 200 Ky. 588, 255 S. W. 153.

Of course, it cannot be contended that any of the exceptions to this general rule made in the quoted excerpt from the opinion, supra, obtained in this case. There was no question of the identity or guilty knowledge of appellant, or of the intent or motive for the commission of the crime under trial, nor of any other offense so interwoven with the crime being tried as not to be separated from it, nor that any other independent offense had been perpetrated to conceal the crime for which appellant was on trial. The introduction of the testimony complained of could have had no other effect except a prejudicial one against the appellant.

4. The commonwealth was permitted, over the objection and exception of appellant, to ask the appellant and his witnesses, Clara Harris and Mrs. Case, a number

of questions on purely collateral matters, and then to contradict each of them.

The appellant had been asked if he ever had or kept liquor or made liquor, or sold liquor, at his home, and had answered in the negative. On rebuttal, the commonwealth was permitted to introduce Grace Berry to contradict appellant in this. The witness Clara Harris had testified on cross-examination that the father of the deceased had been to the home of deceased while she was there with deceased and had seen her and promised to bring her father there and take her away. The commonwealth was permitted to contradict her in this by Judge Slaughter. On the cross-examination of Clara Harris, she was asked by attorney for the commonwealth if she had not said to Mrs. Strater that her daddy had to kill Addie Slaughter because he knew so much on him, and that her daddy threatened her if she did not swear what he told her to. She denied making that statement to Mrs. Strater, and the commonwealth was permitted to contradict her by Mrs. Strater. On the cross-examination of Mrs. Case, a witness for the defendant, she was asked by attorney for the commonwealth if she did not tell Groves, the deputy sheriff, that Clara Harris had on four dresses when she came to her house with the deceased, and she answered, if she did, she had no remembrance of it. The commonwealth was permitted to introduce Groves and to have him say that Mrs. Case did make that statement to him. As suggested, this character of testimony was purely collateral and had no connection with, or bearing upon, the charge upon which the appellant was being tried, except the question asked Clara as to the alleged statement to Mrs. Strater. As to this testimony the court should have admonished the jury as to its purpose and effect.

If the commonwealth saw fit to go into these collateral matters, it was bound by such answers as the witnesses made, and could not thereafter contradict either or any of them thereon.

While it was error to permit the commonwealth to contradict said witnesses as to these collateral and irrelevant matters, a further error was committed in leaving to the jury the consideration of that character of evidence as substantive testimony against the appellant. In the absence of an admonition from the court, or an instruction in apt terms, the jury would not, and we are

persuaded did not, differentiate between that sort of testimony and the substantive evidence which they had heard, Blackerby v. Commonwealth, 200 Ky. 833, 255 S. W. 824.

On the cross-examination of appellant's daughter, Clara Harris, the attorney for the commonwealth produced a letter which was exhibited to the witness, and she was asked if she wrote it. She answered that she did, but that she wrote it at the direction of the deceased and in his home on the night she was kept there. This letter was read to the jury over appellant's objection and exception.

The commonwealth then produced three other letters, concerning each of which the girl was asked, ''I will ask you if you did not write this letter,'' reading the letter to the witness, and to each of which questions the appellant objected, and the court sustained the objection; whereupon the commonwealth's attorney avowed that, if permitted to answer, the witness would say that she did.

It appears, however, that each of these letters was read to the jury as a part of the commonwealth's attorney's question, and in that way their contents were made known to the jury. Neither of the letters throws any light upon the charge against the appellant or any explanation of any circumstances connected with it. The only effect of their introduction in evidence was to, perhaps, induce in the minds of the jury the belief that probably Clara was a willing companion of deceased during her four days' absence from home; and yet they were not competent for that purpose. Because of her age, she could not legally consent to being abducted and debauched. Besides, other than the first one, which she admitted writing at deceased's direction, neither of the letters is identified in any way; nothing to show where the commonwealth's attorney obtained either of them; they are addressed to no person, and are unsigned. Neither of said letters was competent evidence in this case for any purpose, and it was error to admit them or read them to the jury as was done.

Wherefore the judgment is reversed, and the cause remanded for a new trial consistent with this opinion.