## ACRES v. COMMONWEALTH.

Court of Appeals of Kentucky.
June 12, 1953.

George T. Ross, Shumate & Shumate, Richmond, Brown & Miller, Lexington, for appellant.

J. D. Buckman, Jr., Atty. Gen., and Zeb A. Stewart, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

Willie Acres appeals from a conviction of murder on which he was sentenced to life imprisonment. Although several grounds appear in his assignment of errors, the sole ground now relied upon for reversal is that incompetent and prejudicial evidence was permitted to be introduced at the trial over his objections.

On September 4, 1952, Willie Acres shot and killed James Hymer near the city of Richmond. Prior to the tragedy, Acres lived with his wife and two children at Kingston, in Madison County. It appears that on July 20, 1952, Acres' wife informed him that she had been raped the night before by James Hymer and a man identified

only as "Sams". On the next day Acres and his wife caused a warrant of arrest to be issued by the county judge charging James Hymer and "Sams" with the crime of rape. Hymer was arrested on the warrant, but for some reason not appearing here, no examining trial was held and the warrant was filed away. It further appears that Acres was so perturbed by what had occurred, he quit his job and was making preparations to move to Cincinnati as soon as he could dispose of his household furniture. According to Acres, he removed his family to Cincinnati and on September 4, 1952, he returned to Richmond to sell his furniture and a pistol he owned. After he made several efforts to dispose of this property in the city of Richmond, he was informed that auction sales of furniture and other property were held at the Richmond stockyards.

Acres testified that as he was driving along the street in front of the stockyards, his attention was directed away from his driving, and he drove his car into a parked truck. At that moment he saw James Hymer advancing on him in a threatening manner with a knife in his hand. Acres then shot Hymer to death. A policeman testified that a knife was found in the street near Hymer's body.

The Commonwealth proved several threats made by Acres that he was going to kill Hymer. Several eyewitnesses to the killing testified that immediately after Acres' car had collided with the truck, that Acres jumped out of his car with a pistol in hand and fired several shots at Hymer while Hymer was fleeing. Dr. M. M. Robinson, who examined Hymer's body, testified that he found two bullet wounds in the back; a wound on the upper part of the thigh that entered in the back; and another gunshot wound over the right eye.

For reversal, appellant insists that numerous questions asked by the Commonwealth's Attorney, which he was required to answer, concerning his association with an individual named Opal Childers, were incompetent and prejudicial. We agree. These questions related to a collateral matter which had no proper place in this prosecution. Harris v. Commonwealth, 226 Ky. 584, 11 S.W.2d 410. The sole object of this interrogation was to smear appellant's character by inferences and insinuations and to thereby create the impression in the minds of the jury that appellant and Opal Childers were engaged in an amorous relationship. Since it was shown that appellant was married, this line of questioning could have induced the jury to believe appellant had committed the offense of adultery. We have frequently held that this character of interrogation which was designed to show the commission of other offenses constitutes reversible error. Swanger v. Commonwealth, Ky., 255 S.W.2d 38; Peck v. Commonwealth, 286 Ky. 347, 150 S.W.2d 919; Howard v. Commonwealth, 110 Ky. 356, 61 S.W. 756; Civil Code of Practice, § 597.

Other witnesses, including appellant's wife, were subjected to questions on cross-examination as to whether they had ever heard of appellant's "running around with other women." We condemn the introduction of this purported evidence against appellant for the reasons stated above and also find it to be inadmissible under the hearsay evidence rule.

Further complaint is made concerning the interrogation of appellant's wife about a statement she is said to have made to the county attorney during the course of the investigation of her alleged rape. On cross-examination Mrs. Acres was asked if she didn't say "if he (appellant) was going out with some girl, she had a right to go out too?" This question, and the answer thereto, should have been excluded as it was entirely incompetent. See, Riggs v. Commonwealth, 103 Ky. 610, 45 S.W. 866; Massie v. Commonwealth, Ky., 29 S.W. 871. It further appears that after Mrs. Acres was compelled to answer the question, the Commonwealth was then permitted to introduce the sheriff, and other witnesses who were present in the county attorney's office during the investigation of the rape charge in which Mrs. Acres was the complainant, to contradict Mrs. Acres by testifying that Mrs. Acres did make the statement attributed to her.

We find that this evidence was incompetent and clearly prejudicial in view of the fact that the court refused to admonish the jury in respect thereto, and permitted this testimony to be received and considered by the jury as substantive evidence. Harris v. Commonwealth, 226 Ky. 584, 11 S.W.2d 410; Atkins v. Commonwealth, 224 Ky. 126, 5 S.W.2d 889.

█ Although it may be said that it is the duty of the prosecution to be vigilant in its efforts to obtain a conviction of a person accused of a heinous crime, it is our duty to see that each accused, irrespective of the nature of the crime of which he is charged, receives a fair and impartial trial. Therefore, because of the prejudicial errors appearing in this record, we award appellant a new trial.

Reversed.