JOHN T. CLARK, ET AL. *v.* HENRY FOSTER, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—668.]

**Lien of Execution and Levy.**
　　An execution against one person can never be collected out of the property of another.

APPEAL FROM BATH CIRCUIT COURT.

March 25, 1886.

OPINION BY JUDGE PRYOR:

It is evident from the record before us that Mrs. Foster owned the land in the county of Nicholas and that this land was sold by her and the proceeds applied to the payment of the land afterwards purchased of Myers. One of the notes executed by the Fosters to Myers for $600 fell into the hands of Fratman, and this note being for the purchase-money Fratman filed his petition to enforce the lien, and the land was sold and purchased by one Maze with the agreement that he would reconvey the land to the Fosters or such of them as refunded to him his money with the interest. After Maze had purchased this land and was vested with the title as against any creditor, the two executions of Gore and the execution of Clark issued and was levied on Henry Foster's interest in the land, when in fact if he ever had any interest it had been sold and purchased by Maze; and besides, the execution creditors were notified, before the sale made. under the executions, that Henry Foster had no interest. One of these executions issued from the quarterly court, as the record shows, and the other issued in the name of the clerk of the court, under a rule against Henry Foster and others to pay the money into court. There was no order directing the clerk to issue an execution in his name or to issue any execution under the rule. Both executions were void, or rather no title could pass under the quarterly court execution, and the execution issued on the rule was void. But treating both executions as properly issued, and determining the case alone on its merits, it is then apparent from the testimony that the appellee, Mrs. Foster, paid for this land out of her own means. Her son, Henry, had no estate, and when he became interested in the land it was with the agreement that he was to have some twenty-five acres when he paid for it. This he never did, and while James Foster, the father, may have made conflicting statements in regard to the matter, it is certain that Henry was insolvent, and equally as certain that his mother's means alone contributed to the payment of the purchase-money. With this view of the case the judgment below must be *affirmed*.

*Reid & Stone, for appellants.*

*R. Gudgell & Son, for appellees.*