## Bergman v. Solomon.

(Decided May 11, 1911.)

### Appeal from McCracken Circuit Court.

1. Husband and Wife—Alienation of Wife's Affection—Evidence—In an action for alienation of affection of plaintiff's wife, the defendant may read in evidence the record of the divorce suit between the plaintiff and his wife showing he there withdrew his answer and admitted her allegations of cruelty and aversion to her.

2. Misconduct of Counsel—Knowingly Asking Improper Questions—It is misconduct in counsel to ask questions known to be improper or to persevere in so doing when the evidence is ruled out by the court, for the purpose of getting the matter in the minds of the jury.

3. Evidence—Competency—The fact that the defendant and plaintiff's wife were engaged to be married three months after the divorce from her husband is competent as evidence for the plaintiff in an action for alienation of her affections.

4. Witness—Proof of Contradictory Statements—Competency—Where a witness merely fails to prove a fact, he may not be contradicted by proof that he has so stated out of court, and this rule applies where a party on cross-examination asks the witness as to new matter, not testified about in his examination in chief.

5. Evidence—Proximate Cause of Trouble—In an action for alienation of wife's affections the plaintiff cannot recover if his abuse of his wife and mistreatment of her, not the defendant's acts or persuasion, were the proximate cause of the trouble between them.

R. T. LIGHTFOOT for appellant.

M. E. GILBERT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

Mark Solomon was married to Henrietta Swope in the year 1905. In May, 1909, they were living with her

father and mother, who were keeping a boarding house in Paducah. During that month Max Bergman and Joe Gerstensang began taking their meals at the boarding house. About the first of July, Mr. and Mrs. Swope moved their boarding house to another point and Solomon and his wife remained in the house where they were, Bergman and Gerstensang going with Mr. and Mrs Swope to the new house. In September, 1909. Mrs. Solomon left her husband and went to the house of her father and mother. Not long after this she filed a suit against her husband, Mark Solomon, for a divorce on the ground of cruelty, aversion and gross misconduct on his part. He filed an answer to the petition in which he denied its allegations and sought the custody of their child. Subsequently the answer was withdrawn and a judgment was entered giving the plaintiff a divorce, the custody of the child and directing him to pay $10 a month for its support. Some months after this Solomon brought this suit against Max Bergman and Joe Gerstensang in which he charged that they had willfully and maliciously alienated his wife's affections from him, and thus caused her to leave him, depriving him of her society and love. They filed an answer in which the allegations of the petition were denied. On a trial of the case, the court instructed the jury peremptorily to find a verdict in favor of the defendant. Gerstensang, but submitted the case to the jury as to Bergman. The jury returned a verdict against Bergman for $3,000. The court granted a new trial. On the second trial of the case, the jury again found for the plaintiff fixing the damage at $1,000. The court entered judgment on the verdict and the defendant appeals.

It is insisted for the defendant that the court should have instructed the jury peremptorily to find for him. While the evidence is by no means satisfactory, under the scintilla rule which obtains in this State, the case was properly submitted to the jury. Matters of this sort must necessarily be proved largely by circumstantial evidence, and while much weight may not be given to any one circumstance, it is only when all the circumstances taken together afford no reasonable inference of the fact sought to be established, that the court may take the case from the jury.

The defendant offered in evidence the record of the divorce suit. The court refused to allow it to be read and of this he complains. What Solomon had done in

court is competent against him if the same thing done out of court would be competent. He had in that case withdrawn his answer, and admitted the charges which his wife had made against him to be true. This admission may be shown. It may of course be explained, but it is a fact to which the jury may give such weight as they think it entitled. His course in that case would also tend to show that he was willing to get rid of his wife, and that his feelings were not so much damaged as he now claims. As to this too he may make any explanation that he can; still the facts are competent to be considered by a jury.

When Bergman was on the stand the counsel for the plaintiff asked him if he had not been indicted for perjury by the grand jury on account of his testimony in the case at the preceding trial. The plaintiff also produced a newspaper published in Paducah in which about three months after the divorce there appeared a statement that Mr. and Mrs. Swope announced the engagement of their daughter to Bergman, and offered to read it to the jury. He also asked Mr. Swope and one or two other witnesses about this statement, repeating the avowals each time, although the court ruled the evidence out. It is insisted for the defendant that in these matters there was misconduct on the part of the plaintiff's counsel.

Section 597, of the Code, provides: "That it may be shown by the examination of a witness or record of a judgment that he has been convicted of felony." The statute is so plain and it has been so often held that a witness may not be asked whether he has been indicted, that we must presume the counsel knew the question was improper. He also knew that the publication in the newspaper was not evidence against Bergman, and the effort was so persistent and so often repeated to get this matter before the jury that it is hard for us to resist the conclusion that the counsel was trying to get into the minds of the jury the matter which the court had excluded as evidence.

On another trial the plaintiff will be allowed to show if he can that the defendant and his former wife were engaged to be married soon after the divorce was granted. If, as was offered to be shown here, they were engaged to be married within three months after the granting of the divorce, this fact was

competent as illustrating the state of affection between them before the divorce was granted. The fact that he was in love with her would furnish a motive for alienating her affections from her husband; the fact that he was in love with her was some evidence that he was then in love with her when he was paying her attentions before her separation from her husband and would serve to illustrate the purpose of these attentions. It was not conclusive but it was a fact to be considered by the jury with the other facts in the case, for what it was worth. But the plaintiff may not show the fact by the publication in the newspaper; that is not evidence at all. If the plaintiff undertakes to prove the fact by a witness, and the witness simply fails to prove the fact, then he can not contradict the witness by showing that he has stated out of court what he failed to testify to in court. (See Champ v. Commonwealth, 2 Met., 17; Loving v. Commonwealth, 80 Ky., 507; Nicholson v. Rust, 21 R., 645.) The defendant's own admissions out of court may be shown, but the statements of other persons not in his presence are not competent against him, and they may not be given in evidence to impeach them as witnesses unless inconsistent with the testimony they have given on the trial. If they are introduced as witnesses for the defendant, and on cross-examination by the plaintiff simply fail to prove the fact which he offers to prove by them, and as to which they were not examined by the defendant, then as to this matter they stand as the plaintiff's witnesses and may not be contradicted by proof that they have stated out of court, the fact which they failed to testify to in court.

On another trial the court will in addition to the instructions given on the last trial tell the jury that if the proximate cause of the trouble between the plaintiff and his wife was not the alienation of her affections from him by the defendant, but the plaintiff's own mistreatment of his wife and abuse of her, they should find for the defendant.

Judgment reversed and cause remanded for a new trial.