Whole court sitting.

---

## Cincinnati, New Orleans & Texas Pacific Railway Company, et al. v. Prewitt's Administrator.

(Decided May 9, 1924.)

### Appeal from Boyle Circuit Court.

1. **Railroads—Automobile Driver's Contributory Negligence Held for Jury.**—Automobile driver killed at crossing held not negligent as matter of law.

2. **Railroads—Failure of Crossing Watchman to Give Warning Negligence.**—Where railroad has watchman at crossing at all hours, and he fails to give warning that train is about to pass, if traveler is exercising ordinary care, both watchman and company are guilty of gross negligence, if traveler is killed.

3. **Railroads—Absence of Crossing Watchman Invitation to Cross.**—Absence of watchman at crossing from his post of duty is invitation to traveler to cross.

4. **Railroads—No Presumption of Negligence on Part of Traveler Killed at Crossing.**—There is no presumption of negligence of traveler killed at crossing, and burden of proof is on railroad to show he was guilty of contributory negligence.

5. **Witnesses—Admission of Evidence to Contradict Cross-Examination Held Improper.**—In action for death of automobilist at 2:45 a. m. at railroad crossing, where watchman testified on cross-examination that he was at crossing at 10:30 p. m. and 12:30 a. m., court erred in permitting witnesses to testify that they were there at those times and did not see or hear watchman.

6. **Witnesses—Irrelevant Statement Cannot be Contradicted.**—A party cannot cross-examine a witness on irrelevant matter and then contradict his irrelevant statement.

7. **Appeal and Error—Judgments Not Reversed, Unless Errors Prejudicial.**—Under Civil Code of Practice, sections 134, 338, 756, judgments should not be reversed for errors not prejudicial to substantial rights.

8. **Appeal and Error—Error in Attempted Impeachment of Witness Held Not Prejudicial.**—Erroneous admission of evidence to contradict irrelevant statement of witness on cross-examination held not prejudicial to substantial rights, under Civil Code of Practice, sections 134, 338, 756.

9.    Railroads—Instruction Making Engineer and Watchman Responsible for Negligence of Each Other and Switchman Prejudicial.—Instruction making engineer and crossing watchman each responsible for negligence of other and of a switchman was prejudicial.

EDWARD COLSTON and JOHN GALVIN (CHAS. H. and NELSON D. RODES, of counsel) for appellants.

HENRY JACKSON, L. L. WALKER and JOHN D. CARROLL for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming in part and reversing in part.

Appellants, C., N. O. & T. P. Ry. Co., Earl Rearden, and Preston Long, sought by appeal to reverse a judgment against them for $15,000.00 for causing the death of John Prewitt, a young man twenty-four years of age. At 2:45 a. m. on October 2, 1921, young Prewitt was returning from Lexington, Kentucky, in a Ford touring car, which he was driving, and was killed in attempting to cross the tracks of the C., N. O. & T. P. Ry. Co. in Danville, Kentucky.

On the way from Lexington he had come upon a friend (John Anderson) whose car was in trouble, and Anderson had got into Prewitt's car. Prewitt's father was seated on the right of the front seat, and Anderson between the two Prewitts. In the rear of the car and on the floor were young Prewitt's wife and child, his mother and his three sisters. They were going to their home in West Danville and were driving west on what is known as Walnut street or the Lebanon Pike.

This street is crossed by seven railroad tracks, described as "Hudson & Davis track," "Switching track," "North Bound Main track," "South Bound Main track," "Track No. 1," "Yard Lead track," and "Run Around track." All are grade crossings.

This suit was instituted by Prewitt's administrator against the C., N. O. & T. P. Ry. Co., Southern Ry. Co., Earl Rearden (the engineer) and Preston Long (the watchman) to recover $30,000.00 for the death of John Prewitt. It is alleged in the petition that this is a dangerous crossing and that for years watchmen have been kept at this crossing, with flags by day and lanterns by night to warn travelers on this street of the movement of trains on these tracks, and that at the time in question, Preston Long was the watchman on duty, but that Long had abandoned his post at the time of the wreck,

and the petition contained the other and usual allegations of negligent operation of the engine and cars, and that as a result of all this, Prewitt was killed.

As the automobile approached the crossing, the watchman's lanterns were seen sitting outside of the watchman's shanty on the south side of the street, and Young Prewitt stopped and sounded his horn for the watchman.    He got no answer.    The witness, Wm. Prewitt, said: "He would blow the horn, then stop and then blow it again" and "He did this seven or eight times."    Other witnesses testify that young Prewitt blew his horn several times, but they say he did not stop the car.    All the occupants of the automobile who testify say they were looking first north, then south as they crossed these tracks, looking for trains.    They had crossed the first four tracks mentioned without injury but upon the fifth track, shown on the plat and referred to by the witnesses as "Track No. One," the automobile was struck by a train of eleven cars being pushed south by a switch engine, driven by Rearden; the automobile was knocked or pushed about 75 or 80 feet south, turned over on its side and such injuries inflicted on young Prewitt that he died in an hour or so.

There is much confusion in the evidence as to the speed of the automobile and the speed of the train, also as to the weather and the visibility of objects.    Some witnesses testified it was a clear, cool night, that three electric lights maintained by the railroad company, all within fifty feet of the scene of the accident, were all burning and everything thereabout plainly visible; others say it was dark and foggy and nothing could be clearly seen.

All agree that the watchman never appeared to render these travelers any assistance in making this crossing and that this train of cars was pushed across the street without any light on the end of the train and that the engineer did not ring the bell or blow the whistle. One brakeman (West) said he was walking ahead of the train with a lantern and others say he was not there. All agree the fireman was not on the engine at the time. He had gone to get a lunch.

All the defendants asked for a peremptory instruction at the close of the plaintiff's evidence, which the court overruled.

They renewed this motion at the conclusion of all the evidence and the court gave such an instruction as to

the Southern Railway Company, and overruled it as to the others.

Four instructions were offered by plaintiff and four by defendants, all of which the court refused to give. The court on its own motion then gave five instructions which correctly submitted to the jury the issue, so far as the C., N. O. & T. P. Ry. Co. is concerned, and the jury returned a verdict for the plaintiff.

Appellants strenuously insist that deceased was guilty of contributory negligence as a matter of law, but we cannot agree with them. Where the railroad company maintains a watchman at a public road crossing at all hours of the day and night, and the watchman fails to give warning that a train is about to pass over the crossing, if the traveler is exercising ordinary care for his own safety, both the watchman and the company are guilty of gross negligence if the traveler is killed by the train. When the watchman is absent from his post of duty his absence is an invitation to the traveler to cross, and an assurance of safe passage. Sights v. L. & N. R. R. Co., 117 Ky. 436; Cross v. I. C. R. R. Co., 110 S. W. 290; L. & N. R. R. Co. v. Wilson, 124 Ky. 836; L. & N. R. R. Co. v. Roth, 130 Ky. 759; Payne, Agent v. Barnette's Admr., 196 Ky. 489.

There is no presumption of negligence on the part of a traveler on the public highway who is killed at a railroad crossing by a passing train. The burden of proof is on the railroad company to show that he was guilty of contributory negligence. Stuart's Adm. v. N. C. & St. L. R. R. Co., 146 Ky. 127. To move a train, as the train in this case was moved, was such conduct as was "utterly at war with the principles of humanity and smacking of savagery." Conley's Admr. v. C., N. O. & T. P. Ry. Co., 89 Ky. 403.

The watchman, Long, was asked on cross-examination if he was at the crossing at 10:30 p. m. of this night and at 12:30 a. m. and he said he was. The court permitted the appellee, in rebuttal, to introduce Will Dunn, who testified, over appellants' objection, that he was there at 10:30 p. m. and hallooed three times for the watchman, but did not see or hear of him.

In like manner, George Cunningham testified, over appellants' objection, that he was there for about fifteen minutes, between twelve and one o'clock, and did not see or hear of the watchman, Long. This should not have been permitted.

It is well-settled law in this Commonwealth that a party cannot cross-examine a witness on an irrelevant matter and then contradict that irrelevant statement. "In other words, where it is sought to impeach a witness by contradictory evidence, the inquiry must relate to a fact that is otherwise relevant and admissible, except in the two instances referred to above. If the inquiry relates to a collateral fact, the answer of the witness is conclusive. He cannot be cross-examined as to any fact which is collateral and irrelevant to the issue, merely for the purpose of contradicting him by other evidence and discrediting his testimony in case he denies the fact." Hayden v. Commonwealth, 140 Ky. 634; Southern Ry. in Ky. v. Jones, 172 Ky. 8; Babey v. Commonwealth, 169 Ky. 735.

The court should have permitted appellants to recall the witness, Miss Mary Bell, upon their motion made after both parties had announced that they had concluded their testimony and before the court had instructed the jury. An avowal shows what her testimony would have been.

Sections 134, 338 and 756 of the Civil Code of Practice clearly indicate that judgments should not be reversed for errors that are not prejudicial to the substantial rights of the party complaining. In numerous cases this court has refused to disturb judgments for minor errors. Major Taylor & Co. v. Harding, 182 Ky. 236.

So far as the Cincinnati, New Orleans and Texas Pacific Ry. Co. is concerned, we are convinced that substantial justice has been done, and the judgment is affirmed as to it.

Instruction No. 1 was prejudicial to the engineer Rearden and the watchman Long as it made each of them responsible not only for his own negligence, but also for the negligence of the other, and the negligence of the switchman West. The judgment is therefore reversed as to them.