## Miller v. Commonwealth.

(Decided January 12, 1932.)

A. F. BYRD and ERVINE TURNER for appellant.

J. W. CAMMACK, Attorney General, and BASIL P. COOPER for appellee.

Opinion of the Court by Judge Richardson—Reversing.

The appellant, Walter Miller, was indicted and tried for the crime of willful murder. He was found guilty of voluntary manslaughter, and his punishment fixed at 16 years in the penitentiary. He appeals.

The appellant and his victim were brothers. The appellant's wife left her home the evening before the killing and arrived at the home of deceased, Dock Miller, about 8 o'clock in the nighttime. The appellant, carrying a shotgun, appeared at the home of the deceased about noon of the following day, while the family of deceased was eating dinner. The appellant's wife was engaged in eating at the time of his arrival. On entering the home of his brother, he was invited to dinner. The family of the deceased and the wife of appellant completed their meal before the appellant began eating. Before beginning his meal, he unloaded his shotgun. After completing his meal, he requested his wife to go with him to their home. She did not indicate a willingness to return home. Whereupon, it is claimed by the witnesses for the commonwealth, he threw his arm around her neck and began to force her to leave the house. Before he indulged in this conduct he had loaded his gun and was holding it in his right hand at the time he seized his wife with his left. He forced his wife, with his left arm around her neck, into the yard, carrying his gun in his right hand, with which he was prodding her. At the time the appellant was so doing, the deceased began to stir the fire in the grate, when he decided that more fuel was needed; he left the room and went into the yard, where coal had been placed a few steps from the door, where, employing both hands, he picked up two lumps of coal. At the time he was engaged in this act the appellant was continuing to force his wife to accompany him; he still had his left arm around her neck, the gun in his right hand, and was still prodding her with it. The deceased remarked to appellant, "Don't hurt Julia."

The witnesses for the commonwealth claim that, following this remark of the deceased, the appellant immediately drew his gun on the deceased and shot him. Instantly the deceased dropped to his knees, drew his pistol and fired three shots at the appellant.

The appellant and his nephew, who was present at the time of the transaction, deny, in toto, the testimony in behalf of the commonwealth. The appellant and his nephew claim that while appellant and his wife were walking away from the home of the deceased he, the deceased, drew his pistol and pointed it toward the appellant, then the appellant and deceased shot at each other, the weapons firing simultaneously. Immediately the appellant turned and walked away from the deceased, who fired two more shots. The deceased died presently. The appellant received three slight wounds; one shot passed through his left elbow, another through the upper part of his left arm, and the third grazed the left side of his head, just above the ear. The appellant at once departed and surrendered himself to the officers.

For reversal, he urges: (a) Errors in the introduction of evidence; and (b) improper argument of counsel.

Mrs. Haney McIntosh, a witness in behalf of appellant, testified that she had heard the deceased, seven or eight days next before he was killed, say that he was "briling to split his (Walter Miller's) head open."

On cross-examination she was permitted to be asked if she had heard the appellant say he "was going to break Dock (the deceased) up and he was going to kill him." She stated that the appellant made no such statement. Thereupon, she was permitted to be asked and required to answer if she did not state to Jason and John Miller that she had heard the appellant make such statement. Her response was that she had not made such statement to them or in their presence. The commonwealth was permitted to inquire of Jason Miller if Mrs. Haney McIntosh, at his home, about a month before Dock Miller was killed, had stated to him that she had heard the appellant make the statement that he was going to kill Dock Miller; his answer was in the affirmative. Proper objection was made, and an exception was saved by the appellant to the admission of this testimony.

The witness having answered in the negative the question propounded to her, it was improper to permit the commonwealth to prove by the witness that he had

heard her state the alleged threat by Walter Miller against the deceased. This was clearly incompetent, both as substantive evidence and for the purpose of contradiction. By its admission the commonwealth was permitted to prove mere hearsay as substantive evidence of an alleged threat by the appellant against the deceased. Kennedy v. Com., 14 Bush 340; Loving v. Com., 80 Ky. 507; Helton v. Com., 202 Ky. 516, 260 S. W. 345; Harris v. Com., 226 Ky. 584, 11 S. W. (2d) 410; Duke v. Com., 191 Ky. 138, 229 S. W. 122; Saylor v. Com., 33 S. W. 185, 17 Ky. Law Rep. 959; Commonwealth v. Bright, 66 S. W. 604, 23 Ky. Law Rep. 1921; Bergman v. Solomon, 143 Ky. 581, 136 S. W. 1010.

The rule deducible from these cases is that a witness who fails to testify to substantive facts cannot be contradicted by asking him if he had not stated such facts to another person out of court, and then proving by such person that the witness had made the statements out of court. Such procedure transforms mere hearsay into substantive evidence.

Willie Miller, another witness in behalf of appellant, was permitted to be asked by the commonwealth, and required by the court to answer, if he had been anywhere with the wife of the appellant during the night before the killing. His answer was that he was not with her.

Linville Miller, a witness for the commonwealth, was asked and permitted to answer that, on the night before Dock Miller was killed, he saw Willie Miller and the appellant's wife near his, the witness' home. The appellant reserved proper exceptions thereto. In addition to this, he moved the court to exclude this evidence from the jury. The court admonished the jury that it should be considered only for the purpose of contradicting Willie Miller, and the jury should not consider the same for any other purpose.

The testimony of Linville Miller of which the appellant complains, related to a collateral question, and was not competent even for the purpose of contradicting the witness or affecting his credibility.

A witness cannot be cross-examined as to any fact which is collateral and irrelevant to the issue merely for the purpose of contradicting him by other evidence and discrediting his testimony in case he denies the fact. Hayden v. Com., 140 Ky. 634, 131 S. W. 521; Southern Ry. Co. v. Jones, 172 Ky. 8, 188 S. W. 873; Babey v. Com.,

169 Ky. 735, 185 S. W. 81; Cincinnati, N. O. & T. P. Ry. Co. v. Prewitt's Adm'r, 203 Ky. 147, 262 S. W. 1; Loving v. Com., 80 Ky. 507; Foure v. Com., 205 Ky. 62, 265 S. W. 443.

A witness may be asked on cross-examination any proper question which may affect the weight of his testimony or his credibility. Hayden v. Com., 140 Ky. 634, 131 S. W. 521. The question of Willie Miller and the wife of appellant being together near the home of Linville Miller or elsewhere on the evening or the night before the killing was not an issue to be tried by the jury, and while it may have been proper, under the circumstances, to permit the question to be propounded to and answered by Willie Miller, to affect his credibility if answered by him in the affirmative, but it being purely a collateral question, his answer thereto was conclusive. It was not proper to permit it to be rebutted. Kennedy v. Com., 14 Bush 340; Summers v. Howell, 7 Ky. Law Rep. 668; Radford v. Com., 5 S. W. 343, 9 Ky. Law Rep. 378; Randolph v. Com., 11 S. W. 813, 11 Ky. Law Rep. 244; Justice v. Com., 46 S. W. 499, 20 Ky. Law Rep. 386; Nicely v. Com., 58 S. W. 995, 22 Ky. Law Rep. 900; Feltner v. Com., 64 S. W. 959, 23 Ky. Law Rep. 1110; Barnes v. Com., 179 Ky. 725, 201 S. W. 318; Harris v. Com., 226 Ky. 584, 11 S. W. (2d) 410; Eaton v. Com., 230 Ky. 250, 19 S. W. (2d) 218; Word v. Com., 151 Ky. 527, 152 S. W. 556. It appears from the bill of exceptions that the error of the court in the admission of the testimony of Jason and Linville Miller was carried again, with emphasis, to the jury in the closing argument of the attorney of the commonwealth. The commonwealth's attorney, in his argument, referred to the threat of Walter Miller (the alleged statement of Mrs. McIntosh to Jason Miller) as substantive evidence of the appellant's guilt. To this argument the appellant at the time objected, but the court overruled the objection, and the appellant excepted.

The commonwealth's attorney urged the jury to accept and to consider as impeachment evidence of the witness, Willie Miller, the testimony of Linville Miller. This argument was objected to by appellant and overruled by the court, and he at the time excepted.

Other statements of the commonwealth's attorney were likewise objected to, but inasmuch as the testimony above indicated and the argument predicated thereon furnish inescapable grounds for reversal, we do not deem

it necessary to consider the other language of the attorney for the commonwealth, since it is expected the same will not be repeated on another trial.

The resume of the evidence shows that the decisive and vital point for determination by the jury was whether the deceased or the appellant was the aggressor, or whether the fatal shot was fired at the moment and under the circumstances stated by the witnesses for the commonwealth or by the appellant and his witnesses.

Evidence of threats is competent to show (a) the state of mind of the parties, and (b) who was the aggressor in the fatal tragedy, whether such threat is communicated to the person involved. Hellard v. Com., 119 Ky. 445, 84 S. W. 329, 27 Ky. Law Rep. 115; Wheeler v. Com., 120 Ky. 697, 87 S. W. 1106, 27 Ky. Law Rep. 1090; Newton v. Com., 102 S. W. 264, 31 Ky. Law Rep. 327; Hargis v. Com., 135 Ky. 578, 123 S. W. 239; Evans v. Com., 221 Ky. 648, 299 S. W. 553.

It is admitted that Willie Miller was an eyewitness to the killing of the deceased, and his impeached character, as it was virogously argued by the commonwealth's attorney, materially and prejudicially affected the weight of his testimony.

The hearsay evidence of the threats of appellant against the deceased, as well as the evidence actually used to impeach the character of Willie Miller, coupled with the strenuous insistence of the attorney based thereon, were calculated to influence decisively and unduly the verdict of the jury.

The necessities of justice impel us to award to the appellant the right to another trial, without the admission of such evidence, and without the permission of such argument.

Wherefore, the judgment is reversed for proceedings consistent with this opinion.