TRI–CITY VAN & STORAGE, INC. and
James Alvin Thompson, Appellants,

v.

Margie SLONE, Admr'x, Appellee.

TRI–CITY VAN & STORAGE, INC. and
James Alvin Thompson, Appellants,

v.

Patsy Carol JOSEPH, etc., Appellee.

Court of Appeals of Kentucky.

Feb. 7, 1969.

Arnett Mann, Marcus Mann, Salyersville, for appellants.

Cordell H. Martin, Hindman, Harold J. Stumbo, Harris S. Howard, Prestonsburg, for appellee.

CLAY, Commissioner.

In this motor vehicle collision case the jury awarded $30,000 for the death of one party and $3,000 for personal injuries to another. Several grounds are urged for reversal.

The accident was caused by a sideswiping collision which occurred on Highway 460 in Magoffin County. Appellant defendants' vehicle, a tractor-trailer truck, was proceeding west on the two-lane highway and was crossing a bridge just before the collision. William Slone, who was killed, was driving in the opposite direction alone in a passenger automobile. It was a rainy day and the highway was wet. The truck and the Slone vehicle sideswiped each other. Following the Slone car was another automobile in which appellee plaintiff, Patsy Joseph, was riding as a passenger, and it was likewise struck by the truck after the first collision. The decisive issue in the case was whether the truck or the Slone automobile, just prior to the collision, went over the center line of the highway into the wrong lane.

The first contention is that the defendants were entitled to a directed verdict because there was not sufficient evidence of probative value that the truck driver was at fault. The principal testimony to that effect was the statement of plaintiff Patsy Joseph that the Slone car was on its side of the road when it was struck, and her statement that "I didn't at any time see him (Slone) over on the other side". The argument is made that since Patsy Joseph was an interested party, in the light of the vagueness of her other testimony, this evidence is not of sufficient probative value to send the case to the jury. However, there were no physical facts or other evidence of such a compelling character as would justify ignoring this positive evidence. The cases cited by defendants, Central Lumber Co. v. Sparks' Adm'r, Ky., 296 S.W.2d 453; Kentucky Power Company v. Dillon, Ky., 345 S.W.2d 486; and Greyhound Corporation v. Allen, Ky., 353 S.W.2d 558, are clearly distinguishable. It may be noted that the former husband of plaintiff Joseph, who was also an eyewitness, testified to the same effect. The trial court properly overruled the motion for a directed verdict.

The next question relates to the competency of certain evidence. Defendants called as a witness Dayton Joseph, the former husband of plaintiff Patsy Joseph, who was the driver of the car following the Slone automobile. He testified that he did not see the Slone automobile cross the center line into the other lane of traffic, whereas he previously stated to a police officer at the scene of the accident, and had allegedly signed a written statement to the effect, that the Slone car had crossed the center line and hit the truck. Defendants sought to question him about the for-

mer statement and to introduce the testimony of the police officer. The trial court ruled that defendants could not impeach their own witness in this manner.

■ CR 43.07 very positively authorizes any party to impeach any witness "without regard to which party produced him, * * by showing that he had made statements different from his present testimony". Section 596 of the former Civil Code likewise permitted such impeachment of a party's own witness. Wilson v. Dalton's Adm'r, 311 Ky. 285, 223 S.W.2d 978. See also Clay, Kentucky Practice, Vol. 6, CR 43.07, Comment 3. Here the witness Joseph had testified positively with respect to a material fact. It was error for the court to deny defendants the right to show that he had made prior different, contradictory and inconsistent statements.

Apparently the trial judge took the view that Joseph's testimony at the trial was of a negative character, and under a restriction long recognized, it would be improper to introduce evidence of prior unsworn statements which would constitute in effect substantive evidence of a material fact about which the witness was unwilling to commit himself on the witness stand. The distinction between positive and negative testimony, which was developed principally in criminal cases, goes as far back as 1859 to Champ v. Commonwealth, 59 Ky. (2 Metc.) 17, 23, 74 Am.Dec. 388. See also Miller v. Commonwealth, 241 Ky. 818, 45 S.W.2d 461, 462. Even assuming that Joseph's testimony could be characterized as negative, we have very recently extinguished the restriction upon introducing prior statements made out of court, overruling the line of cases following Champ.

In Jett v. Commonwealth, Ky., 436 S.W. 2d 788, 792, we said:

"When both the person who is said to have made the out-of-court statement and the person who says he made it appear as witnesses under oath and subject to cross-examination there is simply no justification for not permitting the jury to hear, as substantive evidence, all they both have to say on the subject and to determine wherein lies the truth. * * * We are of the opinion that when a witness has testified about some of the facts of a case the jury should know what else he has said about it, so long as it is relevant to the merits of the case as distinguished from collateral issues."

We went on further to say in that case that a witness' out-of-court statements, when material and relevant to the issues of the case, may be received as substantive evidence and "need not be limited to impeachment purposes". However, we recognized that a proper foundation under CR 43.08 must be laid for the introduction of such evidence.

It is thus apparent that the evidence of prior statements made by witness Joseph, whether his testimony in court may be characterized as positive or negative in nature, being clearly relevant and material, was admissible when the proper foundation was laid under CR 43.08. While the Jett case involved the introduction of testimony by a witness who had heard the prior statements, the same principle would apply when confronting the principal witness with a prior written statement signed by him.

It was therefore error, obviously prejudicial, when the trial court would not permit defendants to present to the jury (a proper foundation having been laid) the prior statements of the witness made to the police officer and appearing in his alleged signed statement.

■ One other item of evidence requires our comment. Plaintiffs over objection elicited from two witnesses their opinions concerning the proper operation of a tractor-trailer truck while rounding a curve and approaching a bridge. The question in the case was not what the truck driver might properly have done under ordinary

circumstances, but what he actually did on the occasion in question. Those witnesses had not seen the accident. Whether or not they were experts (which is questionable), their opinions were incompetent because not based upon relevant facts proven at the trial and related to the ultimate issue which was within the province of the jury to decide. See Mountain Petroleum Company v. Howard, Ky., 351 S.W.2d 178; Hargadon v. Louisville and Nashville Railroad Co., Ky., 375 S.W.2d 834; and Eldridge v. Pike, Ky., 396 S.W.2d 314. On another trial such questions should not be asked.

It is unnecessary to consider other grounds for reversal and they are not passed upon.

The judgment is reversed, with directions to grant appellants a new trial.

All concur.