**TRI–CITY VAN AND STORAGE COMPA-
NY, INC., et al., Appellants,**

v.

**Margie SLONE, Administratrix of the Estate
of William B. Slone, Deceased, et
al., Appellees.**

Court of Appeals of Kentucky.

Oct. 6, 1972.

J. K. Wells, Wells & Wells, Paintsville,
Marcus Mann, Salyersville, for appellants.

Cordell H. Martin, Hindman, Harold
Stumbo, Harris S. Howard, Prestonsburg,
for appellees.

STEINFELD, Chief Justice.

This is the second appeal to this court by appellants Tri-City Van and Storage Company, Inc., and James A. Thompson, the driver of one of its trucks. Both had unsuccessfully defended consolidated damage actions for wrongful death and personal injuries arising from a highway accident. Appellees claimed Thompson negligently caused William Slone to lose his life when the Tri-City truck driven by Thompson sideswiped Slone's automobile, which precipitated a second collision with an automobile driven by Dayton Joseph, Jr. The occupants of the latter vehicle were Joseph's wife Patsy and their two children. Details may be found in Tri-City Van & Storage, Inc. v. Slone, Ky., 437 S.W.2d 211 (1969), where all parties were the same as in the present litigation. There we reversed the first judgment and ordered a new trial on the grounds that there was error in the court's admission of incompetent testimony and its refusal to permit Tri-City to impeach its own witness.

In the first appeal it was argued "The court erred in overruling Appellant's motion for directed verdict and motion for judgment notwithstanding the verdict." Tri-City theorized that there was insufficient evidence of probative value to allow the case to go to the jury because the foundation of plaintiffs' case was the "contradictory, equivocal, and evasive" testimony of Patsy Joseph, a witness claimed to be highly biased due to her personal interest. In holding that the court properly overruled the motions for a directed verdict we " * * * noted that the former husband of plaintiff (Patsy) Joseph, who was also an eyewitness, testified to the same effect." We concluded, " * * * there were no physical facts or other evidence of such compelling character as would justify ignoring this positive evidence."

In the present appeal Tri-City argues:

"Where only evidence of defendant's negligence is testimony of plaintiff and her ex-husband, which is contradicted by prior conflicting statements, by the testimony of all disinterested witnesses, by the physical facts and weakened by their poor vantage point as witnesses, plaintiff's evidence did not have the substance to go to the jury."

The appellees respond, "The appellants are * * * arguing the same old contentions that were raised on the first appeal." Our examination of the respective records indicates that the challenged evidence presented during the second trial was not materially different from the evidence presented in the first trial. Under such circumstances, where it has been determined on an appeal that there was sufficient evidence of negligence to allow the case to proceed to the jury, the same issue is foreclosed when the evidence is substantially the same in a subsequent trial. Stewart v. Sizemore, Ky., 332 S.W.2d 281 (1960); Marshall v. Merrifield, Ky., 474 S.W.2d 99 (1971). Therefore, we must conclude, as in the first instance, that as to appellants' negligence the trial court properly overruled the motions for a directed verdict and judgment notwithstanding the verdict.

Finally, it is contended that the verdict awarding Patsy Joseph $8,000 in damages for personal injuries sustained in the accident was excessive. Dr. Glenn Powell testified that he had examined her twice and said, "My final and initial diagnosis on this patient was acute back strain resulting in chronic low back syndrome." He also stated that in view of her occupation as a housewife and the "pernicity" of her condition, she had suffered a 15% permanent partial disability.

Appellants state that their objection to the verdict "goes basically to the credibility" of Mrs. Joseph's testimony. They urge,

"Admittedly, a chronic low back problem causing 15% permanent partial disability to a 19 year old female housewife and factory worker, is not over-valued at $8,000.00. But it strains credulity unduly

that a woman with this serious an injury would proclaim to various persons immediately after her accident that she was not hurt, would miss no time from work, would not be hospitalized, would wait eight months before seeking medical attention and would see a Doctor for her injuries only twice in five years."

They point out that the physician's " * * * diagnosis was based solely upon subjective symptoms with the exception of muscle spasms in the low back, which he says can be feigned, unless the medical examiner is experienced enough to detect it."

In Thompson v. Spears, Ky., 458 S.W.2d 1 (1970), a reversal was sought by the plaintiff who claimed that he had received an inadequate award of $2,029.20 that was based upon spinal injuries resulting in an alleged 10% permanent disability. There was medical testimony that differed from the evidence offered by the plaintiff's doctors concerning the nature of the injury that tended to minimize the extent of the disability. It was also shown that approximately two months after the accident the plaintiff was able to drive his car without apparent difficulty, and during the four-month period for which plaintiff claimed loss of earnings he regularly attended and participated in monthly National Guard drills. In affirming the verdict we held that the " * * * jury was not bound to accept as the absolute truth the testimony of the plaintiff or his doctors."

In the present case the only medical evidence offered was the testimony of Patsy Joseph's doctor; again, the jury was not bound to accept such evidence in the light of other non-medical countervailing proof. However, the verdict indicates that the jury chose to rely upon the plaintiff's evidence and we cannot say that in so doing it was caused to render an excessive verdict.

The judgment is affirmed.

All concur.