COMMONWEALTH of Kentucky,
Appellant,

v.

Robert P. GETTYS, Appellee.

Court of Appeals of Kentucky.

Aug. 8, 1980.

Rehearing Denied Oct. 3, 1980.

Discretionary Review Denied
Feb. 12, 1981.

Steven L. Beshear, Atty. Gen., Raymond M. Larson, James Zerhusen, Asst. Attys. Gen., Frankfort, for appellant.

John J. O'Hara, David B. Sloan, Gary J. Sergent, O'Hara, Ruberg, Osborne & Taylor, Covington, for appellee.

Before HAYES, C. J., and WHITE and WILHOIT, JJ.

HAYES, Chief Judge.

The Commonwealth appeals from a judgment of acquittal in the Kenton Circuit Court. The purpose of the appeal is to obtain a certification of the law concerning a witness' claim of the privilege against self-incrimination. Such an appeal is authorized by § 115 of the Kentucky Constitution and KRS 22A.020.

The appellee, Gettys, was indicted for violation of KRS 521.020, bribery of a public servant. Gettys was alleged to have accepted or solicited $1,000.00 from James

Schworer. Schworer had been previously indicted for the same offense with the indictment charging that he paid $1,000.00 to Gettys to influence his actions as city manager. Schworer subsequently pled guilty to an amended charge of receiving unlawful compensation in violation of KRS 521.040. At the commencement of the Gettys' trial, Schworer had not yet been sentenced.

Schworer was called as the Commonwealth's first witness. After being sworn, Schworer declined to answer any questions, claiming the right to invoke the privilege against self-incrimination. In chambers, the court was advised, by Schworer's attorney, that Schworer claimed the privilege because areas in Schworer's previous grand jury testimony which might be introduced could incriminate him independent of the bribery charge. The court determined that since Schworer had not been sentenced he could still withdraw his guilty plea. Therefore to testify concerning the transaction with Gettys might indeed incriminate him. The court also stated that since Schworer felt that there were other matters concerning his grand jury testimony which might somehow incriminate him that Schworer could properly claim the privilege against self-incrimination.

The Commonwealth requested and was granted a recess to reevaluate the situation. During the recess, Schworer was sentenced on the charge to which he had pled guilty. Before the Gettys court reconvened, the Commonwealth presented a judgment in the Schworer case sentencing him to a term in the county jail. The Commonwealth argued that Schworer could no longer claim the privilege. The Commonwealth also suggested that it put its questions to Schworer so the court could make a determination. The court stated that the privilege could no longer be claimed and that the witness should be recalled. The court then asked if anyone knew exactly what Schworer was going to say.

The court was reconvened and Schworer was recalled to the stand. Schworer again refused to testify claiming the privilege against self-incrimination. In chambers, Schworer's attorney stated that he was claiming the privilege on two grounds. First, Schworer might incriminate himself in prior grand jury testimony concerning the bribe to Gettys. Second, while Schworer testified before the grand jury that he had made no campaign contributions, another witness testified that he had received $500.00 from Schworer. Schworer's claim was based on the fear of incriminating himself with respect to perjury. The Commonwealth argued that the matter concerning the $500.00 was not relevant to the Gettys case and therefore there was no reasonable probability that any such evidence would be elicited. Gettys' attorney stated that he intended to ask Schworer about the $500.00 to impeach his direct testimony.

The court ruled that Schworer could no longer claim the privilege with respect to the Gettys transaction, but as to the $500.00 incident the privilege was still available. Therefore, the court would not require Schworer to testify at all. The court then stated that since Schworer, the only accusatory witness, was not going to testify, it would direct a verdict of acquittal. The Commonwealth argued that the matters were severable and Schworer should be compelled to testify. In any event, the Commonwealth moved to enter avowals of the corroborative witnesses' testimony and of Schworer's grand jury testimony in order to certify the issue to this court. The trial court so ordered and this appeal was taken.

The Commonwealth urges that the trial court had not made sufficient personal inquiry of the witness or examined the witness' previous grand jury testimony when it determined that the witness was entitled to invoke the constitutional provisions against self-incrimination. *Arnett v. Meade*, Ky., 462 S.W.2d 940 (1971) held that in determining whether a witness should be allowed to invoke the privilege against self-incrimination, the court must determine what crimes might reasonably have been anticipated to be disclosed by the witness' responses to the questions. Such determination is to be made upon examining the questions to be asked, not in isolation, but

in relationship to their scope and possible implications. The court must find that a witness has properly claimed the privilege if it appears that a responsive answer would furnish a necessary link in the chain of evidence which might convict or implicate a witness. *Young v. Knight*, Ky., 329 S.W.2d 195 (1959).

■ In this case it was never determined precisely what the questions were going to be. The Commonwealth stated that its inquiry would be confined solely to the Gettys transaction. The defense stated that it intended to cross-examine on the issue of Schworer's other contributions to impeach Schworer by demonstrating inconsistencies in his testimony before the grand jury. The trial court determined that it could not separate this matter which the defense intended to broach on cross-examination and the matters to be examined on direct. While we are not prepared to state that the trial court did not make sufficient inquiry concerning Schworer's claim of the privilege against self-incrimination, we would make two observations which should be noted in future proceedings of this nature. First, the trial court should endeavor to make a thorough examination of the questions to be asked to determine whether or not responsive answers would be incriminating. Second, the trial court must determine, taking into account any peculiar facts known to it, what crimes might reasonably be anticipated to be elicited by responsive answers on the part of the witness claiming the privilege. *Arnett v. Meade, supra.*

■ The next issue raised by the Commonwealth is that the trial court failed to distinguish between direct and collateral matters when it allowed the witness to invoke the privilege. Since the Commonwealth stated that no questions would be asked concerning any matters other than the specifics of the Gettys transaction, we believe that the possibility that Schworer might have incriminated himself with respect to some totally unrelated transaction was so remote as to have rendered the danger imaginary or unappreciable. *Arnett v. Meade, supra.* The court allowed Schworer's claim of the privilege because the defense stated that it would attempt to impeach Schworer by questioning him concerning a $500.00 contribution to someone other than Gettys. Such questions clearly would have fallen into the category of collateral matters by which the witness may not have been impeached. *C., N. O. & T. P. Ry. Co. v. Prewitt's Adm'r*, 203 Ky. 147, 262 S.W. 1 (1924) and *Miller v. Commonwealth*, 241 Ky. 818, 45 S.W.2d 461 (1932). Even if the questions had been asked and not ruled upon as being irrelevant, we believe the witness could have claimed the privilege at that point concerning that unrelated issue. *Coil v. United States*, 343 F.2d 573 (8th Cir. 1965) cert. den. 382 U.S. 821, 86 S.Ct. 48, 15 L.Ed.2d 67 (1965). Since the trial court has broad discretion in the limitation of cross-examination, such totally unrelated areas may have been avoided.

The Commonwealth's argument concerning a possible waiver by Schworer of his privilege against self-incrimination was not brought to the attention of the trial court. Accordingly, this court will not address the issue as it was first raised on appeal.

It is our determination, under the facts and circumstances of this case, that although the court may have conducted a sufficient inquiry concerning the witness' claim of the privilege against self-incrimination, that the privilege was not available to the witness Schworer because the danger of self-incrimination was too remote and speculative.

The law is so certified.

All concur.